## MURRAY v. STATE LIFE INS. CO.

(Circuit Court, W. D. Pennsylvania. February 13, 1907.)

### No. 53.

1. INSURANCE—LIFE INSURANCE—NATURE OF CONTRACT.

On payment of the initial premium on a life insurance policy a contract is created for insurance for the whole of the life of the insured, and the insurer's right to terminate such contract for nonpayment of premiums is one of forfeiture.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, § 891.]

**2. SAME—FORFEITURE—ESTOPPEL.**

An insurance company may by its course of conduct estop itself from setting up an otherwise good ground for forfeiture of a policy.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, §§ 941, 1026–1085.]

**3. SAME—FORFEITURE FOR NONPAYMENT OF PREMIUM—PAYMENT TO AGENT.**

A soliciting agent for a life insurance company sold his mother a policy on the life of her husband and collected the first premium, which he remitted to the company. Although having no authority from the company to do so, he also collected and remitted the second premium. When the third premium became due he again requested and received payment of the same, but did not remit the money to the company. *Held*, that in an action on the policy it was a question for the jury whether the beneficiary paid the money in good faith to him as agent of the company, or as her agent to remit the same to the company, and that, upon their finding on the evidence that the payment was made to him as agent of the company and that the company's prior conduct was such as to induce her to believe that he was an agent to collect premiums, it was estopped from claiming a forfeiture of the policy because of the nonreceipt of such premium.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, §§ 948, 957, 1057, 1062.]

At Law. On motion for new trial and for judgment non obstante veredicto.

Watterson & Reid, for plaintiff.

Way, Walker & Morris, for defendant.

BUFFINGTON, Circuit Judge. On reflection we find no error in the instructions given in the charge that on payment of the initial premium on a life insurance policy, there is a contract for insurance for the whole of the beneficiary's life, and the insurance company's right to terminate such contract for nonpayment of premiums is a forfeiture. The authorities in support thereof are set forth at length in Taylor v. Provident Company (C. C.) 134 Fed. 932.

We are further of opinion the jury was correctly instructed that an insurance company may by its course of conduct estop itself from setting up an otherwise good ground for forfeiture. In Insurance Company v. Eggleston, 96 U. S. 577, 24 L. Ed. 841, Justice Bradley said:

"We have recently, in the case of Insurance Company v. Norton, 96 U. S. 234, 24 L. Ed. 689, shown that forfeitures are not favored in the law, and that courts are always prompt to seize hold of any circumstances that indicate an election to waive a forfeiture, or an agreement to do so on which the party has relied and acted. Any agreement, declaration, or course of action on the part of an insurance company which leads a party insured honestly to believe that by conforming thereto a forfeiture of his policy will not be incurred, followed by due conformity on his part, will and ought to estop the company from insisting upon the forfeiture, though it might be claimed under the express letter of the contract. The company is thereby estopped from enforcing a forfeiture. The representations, declarations, or acts of an agent, contrary to the terms of the policy, of course would not be sufficient, unless sanctioned by the company itself. Insurance Company v. Mowry, 96 U. S. 544, 24 L. Ed. 674. But where the latter has, by its course of action, ratified such declarations, representations, or acts, the case is very different."

Now the facts in this case were: John E. Murray was a soliciting agent of the defendant company, and at its request was licensed by the

state of Pennsylvania. He solicited from his mother, Mary E. Murray, insurance on the life of her husband, took the application for the policy in suit, received from her the initial premium for six months, and accounted for it to the company. Although he had no authority to collect the premium for the next six months, he collected it also from her, and paid or accounted for it to the company. The third premium, subject to 30 days' grace, fell due on October 29, 1904. About the middle of November, Murray again requested and received payment of the premium from Mrs. Murray, the beneficiary in the policy. Murray did not pay the money to the company. Upon those facts we charged as follows:

"Now the first question for you to determine under the evidence is, did she actually pay him the $39.90? Did she pay this money in good faith, believing it was a payment to him as agent of the company? In considering that question you will determine whether the payment was made by her to him as the agent of the company, or whether the money was intrusted by her to him as her son and her agent to transmit and forward it to the company. This is the first question for you to determine: Whether Mrs. Murray paid this money to her son as agent of the defendant company, or whether she gave the money to him as her agent, to pay it to the company through the proper channels? If she paid the money to him as her agent and he failed to pay it over to the company, that would be the end of the case. If she paid it to him as agent of the company, you then pass on to the further question: Whether the course of dealing between Mrs. Murray and this company in the payment of the other premiums was such that the company misled or induced her to believe that he was an agent of the company to receive the premiums, and thereby misled her into believing that a payment to him was a payment to an agent of the company on the company's behalf."

We do not see how we could have done otherwise. Mrs. Murray followed the same practice she had before. The company had accepted her money for the second premium; it impliedly approved the course of its agent, and thereby led her to pay him again. The verdict of the jury determines she paid in good faith, that the payment to young Murray was to the company's agent, and that its prior conduct was such as to induce her to believe Murray was an agent to receive premiums. The language of the Supreme Court of Pennsylvania in Swan v. Watertown Company, 96 Pa. 42, is in principle applicable to the case before us. It was there said:

"Smullen (the subagent) solicited and made out the application, received the premium, forwarded the same to Brown (the general agent), and the policy was sent to the applicant. It is a natural inference that he was the company's agent. * * * After the application was signed by Warren and taken by the agent, it was changed by inserting the sewing machine and the answers to three interrogatories respecting title, incumbrance, and value of the land. This was done by the agent without the knowledge of either party to the contract. But if the fraudulent act was within the apparent limits of the agent's employment, although not within the actual authority conferred upon him, the principal will be liable. The company invited the public to deal with its agent in relation to a branch of its business, and so long as he is within the apparent scope of the employment intrusted to him the law will hold the principal liable for his acts and charge it with his knowledge, whether the fraud is upon itself or third persons, to the extent the tort affects third persons. This is but a practical application of the well-recognized rule that, where one of two parties must suffer loss by reason of the fraud of an unfaithful agent, it must be the company and not the innocent assured. Massachusetts Life Insurance Company, v. Eshelman, 30 Ohio St. 647."

Convinced of our duty to submit these facts to the jury, believing their verdict was warranted by the evidence and satisfied the result of this trial is just, we refuse the motion of the defendant for a new trial and for judgment non obstante veredicto, and direct the clerk to enter judgment in favor of the plaintiff.