## SECURITY MUT. LIFE INS. CO. v. KLEUTSCH et al.

(Circuit Court of Appeals, Eighth Circuit. March 17, 1909.)

No. 2,913.

1. INSURANCE (§ 668*)—PREMIUMS—PAYMENT—QUESTION FOR JURY.

In an action on a life insurance policy, evidence *held* to justify submission to the jury of the question whether the last annual premium had been paid.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1742; Dec. Dig. § 668.*]

2. INSURANCE (§ 646*)—PREMIUMS—FORMAL RECEIPT—BURDEN OF PROOF.

Delivery of a formal receipt for the payment of a life insurance premium is strong prima facie proof that the premium has been paid, and places the burden on the insurance company of showing that the receipt had been issued by mistake, and that there had been in fact no payment.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1657; Dec. Dig. § 646.*]

3. TRIAL (§ 62*)—EVIDENCE—REBUTTAL.

Where, on an issue of payment of a life insurance premium, defendant proved that insured habitually paid his debts by check, and that there was no check drawn by him for the premium in question, evidence that insured habitually carried considerable sums of money on his person, and had been known frequently to pay obligations in cash, was proper rebuttal.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 149; Dec. Dig. § 62.*]

In Error to the Circuit Court of the United States for the District of Nebraska.

Arnott C. Ricketts (Halleck F. Rose, on the brief), for plaintiff in error.

Thomas S. Allen (Adolphus R. Talbot, on the brief), for defendants in error.

Before ADAMS, Circuit Judge, and RINER and AMIDON, District Judges.

ADAMS, Circuit Judge. This was a suit to recover on a policy of life insurance, and the only defense was that the policy had lapsed by reason of the nonpayment of an annual premium. The insured died July 16, 1901, and unless the annual premium of $201, which fell due November 28, 1900, had been paid, the policy was void. This simple question of fact is all there is in this case. The defendants in error, who were the plaintiffs below, introduced in evidence a formal and genuine writing, executed by the secretary of the defendant company, acknowledging to have received from the insured the required premium. The insurance company sought to destroy the force of this receipt by the introduction of evidence tending to show that it was a reformed receipt rendered necessary by the fact that the insured in February, 1900, induced the company to change a 20-payment life policy

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

which he then had to a 10-payment life policy, and that the recital found in the receipt that it was for the annual premium of $201 due November 28, 1900, was a mistake brought about by some confusion incident to making the change in the character of the policy. The plaintiffs introduced testimony claimed by them to countervail this evidence of the defendant.

The first contention is that the trial court erred in refusing to peremptorily instruct a verdict in favor of the defendant. To this view we are unable to give our assent. The formal receipt for the premium falling due November 28th is not only some evidence that it was received, but it is usually and properly regarded as evidence of a satisfactory and convincing character, and should not be lightly disregarded on a claim of mistake. Admissions against interest, and especially admissions in writing of that character, are usually and properly difficult to overcome. Notwithstanding this, the rule is well settled that a receipt may 'be explained, and, if found to be the result of a mistake, it should be disregarded. The burden, however, rests heavily upon any one assailing a receipt to show such a mistake. This burden the defendant undertook to carry in this case; and, while it made proof strongly tending to show a mistake as claimed, we are not able to say that it was sufficient to overcome the strong prima facie force and effect of the written document. We cannot say that the proof is so strong that all reasonable persons, in the exercise of a sound judgment, would regard it as sufficient. Moreover, the issue of fact presented in this case has been found by three juries on separate trials in favor of plaintiffs' contention. This case was twice tried on this issue in the state court of Nebraska before it ultimately found its way into the federal court. On the first trial in the court below the jury disagreed, and on the second trial, after being charged as favorably to the defendant as the case in any aspect warranted, it found a verdict for the plaintiffs. It is to the interest of justice that there be an end of litigation; and after four separate trials, and three verdicts in favor of the plaintiffs, in this case, we should hesitate, if otherwise so disposed, to hold that there was no evidence to support such verdict.

It is next urged that the learned trial court erred in admitting proof in rebuttal of payments in cash by the insured of divers personal debts at or about the time the annual premium in question became due. We think the defendant made that kind of testimony admissible and relevant by its testimony tending to show that the insured habitually paid his debts by checks. To prove that the insured paid no premium to defendant in November, 1900, the defendant offered evidence tending to show that it was his habit to pay all his bills, even as little as for $1 in checks drawn on a bank, and that there was no check drawn for the premium in question. To rebut the inference naturally arising from such testimony, the plaintiffs were permitted to show by several witnesses that the insured was in the habit of carrying considerable sums of money in his pocket, and that he had been known frequently to pay obligations in cash. This kind of evidence was in our opinion proper rebuttal of the evidence offered by the defendant, and the court com-

mitted·no error in admitting it. It tended strongly to overcome the inference which the defendant invoked by its testimony.

Finding no reversible error, the judgment is affirmed.