**CUSHMAN v. UNITED STATES.**
Civil No. 92–S. D.

District Court, S. D. California, S. D.

March 18, 1942.

Sloane & Steiner, of San Diego, Cal., for plaintiff.

Wm. Fleet Palmer, U. S. Atty., of Los Angeles, Cal., and Daniel Dillon, Atty., Department of Justice, of Los Angeles, Cal., for defendant.

NETERER, District Judge.

The plaintiff seeks to recover on a 20-year life policy for $10,000, issued February 1, 1932, with the usual total and permanent disability provision. Claim was presented for total and permanent disability on the 16th day of January, 1939; the claim was denied. On March 9, 1941, complaint was filed, issue was joined, and the case was regularly set for trial for the 23rd day of February, 1942; on January 28, 1942, a written stipulation was filed; "that the 5-year convertible term policy was issued for said amount as of February 1st, 1932; that effective January 1st, 1937, said policy was converted to a 20-payment life policy for the same amount; that premiums on said policy have been paid to-date; that claim was filed with the Veteran's Administration on January 16th, 1939; that said claim was denied April 18th, 1939 * * *".
On February 6, 1942, by written stipulation a trial by jury was waived. On Feb-

ruary 19th, the defendant moved for leave to amend its answer charging fraud in obtaining the policy; the motion was denied, no reason appearing as a basis for the motion.

At the conclusion of all of the testimony the defendant moved to amend its answer to conform to the evidence, in accordance with Rule 15(b) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

It was contended by the defendant that in the application for insurance, which is in evidence, the plaintiff fraudulently and knowingly made false answers to the propounded questions.

The answers to the interrogatories propounded in the application were not true. It is shown, however, that the plaintiff functioned in normal fashion and in responsible positions, and for wages as high as $450 per month until 1936, but was suffering from a progressive aliment, for sometime. It appears obvious that the issue in this case must be disposed of irrespective of the truth of the answers to the interrogatories in the application. It is not necessary to determine whether the answers were knowingly false. Claims of fraud in securing life policies have been before the Ninth Circuit Court of Appeals many times while the writer sat in that court, and some opinions written by him; see Employers Liability Assur., etc., v. Portland Electric Power Co., 15 F.2d 976; Northwestern Life Ins. Co. v. Wiggins, 15 F.2d 646; United States Fidelity & Guar. Co. v. Leong Dung Dye, 52 F.2d 567, certiorari denied 285 U.S. 537, 52 S. Ct. 311, 76 L.Ed. 930; see also Bailey v. New England Mut. Life Ins. Co., D.C., 35 F.Supp. 1007, and while covering various phases of such cases are not in point as to the conclusion reached, but disclose the understanding of the court in such cases. In United States Fidelity & Guaranty Co. v. Leong Dung Dye, supra, 52 F.2d 567, 569, tender was made and the only issues as to that was the sufficiency of the tender. "Proof of notice that the deceased [Insured] knew that he had been rejected for life insurance was the essence of the issue of fraud and deceit" in that case.

The United States in this case had a proprietary status, and does not appear in its sovereignty relation. Standard Oil Co. v. United States, 267 U.S. 76, 45 S.Ct. 211, 69 L.Ed. 519; Lynch v. United States, 292 U.S. 571, 54 S.Ct. 840, 78 L. Ed. 1434. The policy and applicable statute are to be liberally construed in favor of the insured. United States v. Sligh, 9 Cir., 31 F.2d 735, certiorari denied 280 U.S. 559, 50 S.Ct. 18, 74 L.Ed. 614.

On January 16, 1939, the defendant was advised of every fact of the fraud now charged that has been presented to the court. Conceding that fraud was committed the defendant had two remedies, it could rescind, or it could disavow the policy, by refusing to accept the premiums provided in the policy, and if action was brought upon the policy plead fraud as a defense, or it could waive the fraud and continue the policy as binding. It may not, however, follow inconsistent remedies, and is bound by an election once made. 17 C. J.S., Contracts, § 167, page 523, 524.

The evidence conclusively shows that the defendant elected to continue the policy; the policy provides for a monthly premium of $24.40; the plaintiff continued to pay, and the defendant continued to receive the monthly premiums from the date of notice of fraud to the defendant, until the present time, more than three years. By accepting the monthly premiums, in the aggregate of $902.80, the defendant elected, on each payment, to continue the policy. There is no claim that there was any excusable reason to relieve the defendant from the election thus made; nor is the premium received after election tendered to plaintiff, as a basis for relief from the acceptance. The defendant may not now be permitted to file an amended answer, or seek relief from the repeated elections made.

The law imposes the duty of fair dealing upon both parties; unfairness on the part of either is frowned upon. The law assumes that the defendant intended to carry out the terms of the policy in return for the premiums received; and the law presumes that when the defendant was advised on January 16, 1939, supplemented by further evidence on February 13, 1939, by Dr. Steally and Dr. Deonton giving detailed statements of sickness and treatments of the insured from 1929, and the ailments with which he was afflicted, as full and complete as is given to this court, and failing to declare a forfeiture, or cancel, or rescind the policy, or refusing to be bound by it, within a reasonable time, it elected to continue the policy. The defendant may not continue the insured in this status, by accepting premium every

month for 37, or more, months, and inject fraud at the beginning of, or during, the trial to enforce payment of the policy because of conditions broken. Steil v. Sun Ins. Office, 171 Cal. 795, 155 P. 72; Farrar v. Policy Holders Life Ins. Ass'n, 3 Cal.App.2d 87, 39 P.2d 229.

The testimony shows that the plaintiff was totally and permanently disabled within the terms of the policy at the time claim was made. I think this is conceded by the defendant. This memorandum will be the Court's finding and conclusion, or further proposed findings may be served and presented for signature. Form of judgment will be presented.