878

## RODGERS v. UNITED STATES.

### Civ. A. No. 4757.

United States District Court
E. D. Pennsylvania.

Sept. 13, 1948.

Richter, Lord & Farage and A. J. Goldin, all of Philadelphia, Pa., for plaintiff.

G. A. Gleeson, U. S. Atty., Philadelphia, Pa., for defendant.

GANEY, District Judge.

In this action the plaintiff seeks to recover certain benefits alleged to be due him by virtue of insurance acquired by his deceased step-son under the National Service Life Insurance Act[1] of 1940. The sole issue, which is one of fact, for our determination is whether the deceased was insured under the authority of the Act at the time of his death.[2]

From the evidence presented before it, the court makes the following special Findings of Fact:

1. On or about March 20, 1943, James L. Buckley, then eighteen years of age, was inducted into the United States Army under the Selective Service & Training Act of 1940, 50 U.S.C.A.Appendix, § 301 et seq.

2. Upon being inducted he applied for life insurance on the five-year level premium term plan in the amount of Ten Thousand Dollars ($10,000.00) under the National Service Life Insurance Act of 1940. He named his mother, Anna Rodgers, as the beneficiary under the policy and consented to have monthly deductions of Six and 40/100 Dollars ($6.40) taken from his service pay for the payment of the monthly premiums. No policy was issued to him.

3. On April 5, 1943, he entered an army station hospital and was a patient there until May 11, 1943, when he was discharged from the military service. During the period of his stay at the hospital he was considered to be totally disabled within the meaning of the Act.

4. On being discharged from the Army, James L. Buckley's physical condition was no different from that when he entered.

5. On May 27, 1943, he went to work at the J. G. Brill Aircraft Factory, where he was continuously gainfully employed until September 21, 1943.

6. On September 26, 1943, he died as the result of injuries sustained by him in an automobile accident on September 21, 1943. From the time of the accident to the time of his death, he was totally disabled.

7. In April of 1944, the deceased's mother received a certificate from the Veterans' Administration certifying that the deceased had applied for insurance, payable upon his death in the amount of Ten Thousand Dollars ($10,000.00) effective March 29, 1943. On the face of the certificate it stated: *"Subject to the payment of the premiums required,* this insurance is granted under the authority of The National Service Life Insurance Act of 1940, and subject in all respects to the provisions of such Act, of any amendments thereto, and of all regulations thereunder, now in force or hereafter adopted, all of which together with the application for this insurance, and the terms

1. Act of October 8, 1940, c. 757, Title VI, Part I, §§ 601 et seq., 54 Stat. 1008–1014, as amended, 38 U.S.C.A. §§ 801–818.

2. See Rodgers v. United States, D.C.E.D. Pa.1946, 66 F.Supp. 663.

and conditions published under authority of the Act, shall constitute the contract". (Italics ours.) On the reverse side, it provided:

"Important Notice

"This certificate is issued as evidence that National Service Life Insurance, in the amount specified, has been granted the individual named, subject to the provisions of The National Service Life Insurance Act of 1940, and subsequent amendments."

8. On August 16, 1944, Anna Rodgers filed a claim for benefits under authority of the Act with the Veterans' Administration.

9. The claim was disallowed by a decision of the Insurance Claims Counsel, an agency of the Veterans' Administration, rendered on February 17, 1945 (reaffirmed on June 21, 1945). Mrs. Rodgers' attorney of record was notified of the decision by letters from the Director of Insurance dated March 24, and May 21, 1945.

10. On May 10, 1945, this action was brought.

11. The records of the Veterans' Administration show that effective May 31, 1943, the deduction of Six and 40/100 Dollars ($6.40) from the deceased's service pay for the payment of monthly premiums was discontinued.

12. The premiums on the contract of insurance have been paid through July 28, 1943. Thereafter no premiums were paid by or on behalf of the deceased.

13. The grace period under the contract of insurance expired with the thirty-one days immediately following July 29, 1943.

14. There has been no waiver of the payment of premiums on the part of the United States with respect to the contract of insurance.

15. Anna Rodgers died on May 26, 1948, and Norman Rodgers, her widower, and step-father of the deceased, has been substituted as plaintiff in this action.

16. The plaintiff has stood in loco parentis to the deceased since he was six years old.

Conclusions of Law

1. This court has jurisdiction of the parties and the subject matter of this action.

2. The contract of insurance lapsed with the expiration of August 29, 1943, for nonpayment of premiums.

3. During the entire period of his total disability, which began on September 21, 1943, and at the time of his death, James L. Buckley was not insured under the authority of the National Service Life Insurance Act of 1940, as amended, because such events occurred after the contract of insurance had lapsed.

4. The plaintiff is not entitled to recover in this action.

Accordingly, the Clerk of the District Court may enter an order for judgment in favor of the defendant.