## BETTERLY v. UNITED STATES.
### Civ. A. No. 3214.

United States District Court
Middle District Pennsylvania.
Jan. 14, 1952.

See also D.C., 9 F.R.D. 521.

Louis George Feldman, Hazleton, Pa., Charles L. Casper, of Fahey & Casper, Wilkes-Barre, Pa., for plaintiff.

Arthur A. Maguire, U. S. Atty., Scranton, Pa., for defendant.

WATSON, Chief Judge.

This is an action to recover the proceeds of a life insurance policy issued to Harold Herman Betterly, now deceased, under the National Service Life Insurance Act of 1940, as amended.[1] Plaintiff, Maude Betterly, was the mother of the insured and designated principal beneficiary on the policy. The case was first tried as a jury trial, and the jury returned a verdict in favor of the Defendant, United States of America. On Plaintiff's motion, the Court granted a new trial. Upon agreement of all counsel, the new trial was had before the Court without a jury.

Counsel have stipulated most of the facts, which the Court includes in the following special findings of fact:

1. On April 30, 1944, Harold Herman Betterly, then eighteen years of age, entered into active duty in the United States Navy.

2. On or about May 10, 1944, he applied for life insurance on the Five Year Level Premium Term Plan in the amount of $10,000 under the National Service Life Insurance Act of 1940. He named his mother, Maude Betterly, as the principal beneficiary, and his father, Clarence Betterly, as contingent beneficiary, and consented to have monthly deductions of $6.40 taken from his service pay for the payment of the monthly premiums. The insurance was granted and became effective June 1, 1944. No policy of insurance was issued to him.

3. In June of 1944, Mrs. Maude Betterly, mother of the insured and the designated principal beneficiary, received a certificate from the Veterans Administration certifying that Harold Herman Betterly, the insured, had applied for insurance, payable upon his death in the amount of $10,000.00, effective June 1, 1944. On the face of the certificate it stated: "Subject to the payment of the premiums this insurance is granted under the authority of the National Service Life Insurance Act of 1940, and subject in all respect to the provisions of such Act, of any amendments thereto, and all regulations thereunder, now in force or hereafter adopted, all of which, together with the application for this insurance, and the terms and conditions published under authority of the Act, shall constitute the contract."

On the reverse side, it provided, among other things,

"Important Notice

"This certificate is issued as evidence that National Service Life Insurance, in the amount specified, has been granted to the individual named, subject to the provisions of the National Service Life Insurance Act of 1940, and subsequent amendments."

4. Premiums on this contract of insurance were paid through allotment of service pay for the period from June 1, 1944 to and including June 30, 1946.

5. The insured was discharged from the service on May 23, 1946, and on the same date he remitted to the Veterans Administration a premium payment in the sum of $6.40 which was credited against the premium due on July 1, 1946.

6. On June 25, 1947, the insured while working in the excavation for a pipe line, met with an accident. He was immediately taken to the Hazleton State Hospital where he remained confined to bed until June 29, 1947, when he died.

7. On June 27, 1947, Robert Betterly, a brother of the insured, purchased a Post Office Money Order (#971998) in the amount of $6.40, at Hazleton, Pennsylvania

1. 38 U.S.C.A. § 801 et seq.

and forwarded the same to the Veterans Administration Branch Office at Philadelphia. Such money order showed on its face that Robert Betterly was the remitter.

8. Upon receipt of the money order in the sum of $6.40, the Veterans Administration Branch Office at Philadelphia first entered it in the suspense column of the original premium record card of Robert A. Betterly, who was the remitter and brother of deceased.

9. The amount of Robert A. Betterly's premium was $6.60 and not $6.40. The Veterans Administration transferred this payment to the original premium record card of Harold Herman Betterly, entering it in the suspense column.

10. On July 2, 1947, the Veterans Administration acknowledged receipt of such money order on "VA Form December 1945 367B" entitled "Acknowledgment of Remittance National Service Life Insurance".

11. Said Acknowledgment of Remittance contained serial or service number 2492483; N 374098047 and was directed to "Harold H. Betterly 154 N. Lee Court, Hazleton, Pa."

12. The records of the Veterans Administration show no record or entry of tender, by or on behalf of Harold Herman Betterly, N–1652 28 99, or of receipt by the Veterans Administration, of insurance premiums which became due on August 1, September 1, October 1, November 1, and December 1, 1946; and January 1, February 1, March 1, April 1, and May 1, 1947.

13. The grace period under the contract of insurance expired within 31 days immediately following August 1, 1946.

14. The premium records of Harold Herman Betterly contain no entry which indicates a tender or receipt of a premium by the Veterans Administration during the 31-day grace period following August 1, 1946, the due date of the next premium, nor of any payment on said account until June 27, 1947, when the money order forwarded by Robert Betterly in the amount of $6.40 was entered on deceased's premium record card in the suspense column.

15. Refund of the above remittance of $6.40 was tendered by the Government by United States Treasury Check, #29,926,111, dated September 17, 1948, to Robert A. Betterly, the actual remitter of the money.

## Discussion

The sole issue in this case is whether or not the policy had lapsed prior to the death of the insured for nonpayment of premiums, as provided in Title 38 of the Code of Federal Regulations, Supplement 1941.[2]

 Though there is a divergence of opinion on the subject, the prevailing weight of authority holds that nonpayment of premiums is an affirmative defense as to which the insurer carries the burden of proof. See Rodgers v. United States, D.C.E.D.Pa., 1946, 66 F.Supp. 663 and cases cited therein. The defendant may meet its burden of showing the nonpayment of premiums by the introduction of proper records pertaining to the account of the insured. Rodgers v. United States, supra; Rodgers v. United States, D.C.E.D.Pa.1948, 102 F.Supp. 878.

Certificates under seal of the Veterans Administration concerning the premium account of the insured show no entry or record of tender or receipt, by or on behalf of the insured, of the insurance premium which became due on August 1, 1946, nor during the 31-day grace period following August 1, 1946.

In fact, after paying the premium due July 1, 1946, there appears no entry or record of any payment on said account until June 27, 1947, when a money order in the sum of $6.40 was received from Robert Betterly, a brother of the insured. The amount was entered on the premium record card of the insured, but appears in the suspense column rather than the premium column which contained all the prior payments made by the insured before August 1, 1946.

At that time the Veterans Administration acknowledged receipt of such money order by sending to the insured "VA Form December 1945 367B" entitled "Acknowledgment of Remittance National Service

2. Sections 10.3404; 10.3405; 10.3414; 10.3415; 10.3416.

Life Insurance". Plaintiff contends that this constituted a duly authenticated receipt for payment of a premium for a given time or period and created a presumption or inference that all prior premiums had been paid by the insured. See Brandis v. Empire State Life Assurance Society, 1934, 315 Pa. 558, 174 A. 104.

Plaintiff's contention is without merit, for the form itself clearly shows it to be nothing more than its name indicates, an "Acknowledgment of Remittance". The form specifically states, "This remittance if honored on presentation for payment will be applied to your account *in accordance with the National Service Life Insurance Act of 1940, as amended, and regulations of the Veterans Administration pertaining thereto*". (Emphasis supplied.) This language clearly shows that the money was to be applied to the account of the insured as a premium only in accordance with the National Service Life Insurance Act and the regulations of the Veterans Administration pertaining thereto, and was not, without more, a recognition of the fact that the money was credited to the insured's account as a premium for a given date or period. It would be applied as a premium only if the tender were timely and proper.

Further proof that this form was not intended to serve as an official receipt for the payment of a premium may be found in the fact that another form, No. 386, was used by the Veterans Administration when the account of an insured was credited with the payment of a premium. This form contained the language "Received the premium described below, due on the day of the month indicated". There is *no evidence* that an official receipt, Form No. 386, was sent to the insured.

This Court finds that Harold Herman Betterly's *contract of insurance lapsed* with the failure to pay the premium due August 1, 1946, or within the 31-day grace period immediately thereafter, and was never reinstated prior to his death on June 29, 1947.

### Conclusions of Law

1. This Court has jurisdiction of the parties and the subject matter of this action.

2. The contract of insurance lapsed with failure to pay the premium due on August 1, 1946, or within the 31-day grace period immediately thereafter.

3. The insured had not reinstated his contract of insurance prior to his death.

4. Veterans Administration Form December 1945 367B, entitled "Acknowledgment of Remittance National Service Life Insurance", which was sent to the insured on July 2, 1947, did not constitute a duly authenticated receipt for payment of a premium by insured; instead, it was a mere acknowledgment by the Veterans Administration of having received money from the insured.

5. At the time of his death, Harold Herman Betterly was not insured under the authority of the National Service Life Insurance Act of 1940, as amended.

6. The Plaintiff is not entitled to recover in this action.