## McINDOE v. UNITED STATES.

No. 12922.

United States Court of Appeals Ninth Circuit.

Feb. 28, 1952.

James Cole, Bartlett F. Cole, Portland, Or., for appellant.

Henry L. Hess, U. S. Atty., John R. Brooke, Asst. U. S. Atty., Portland, Or., Holmes Baldridge, Asst. Atty. Gen., and D. Vance Swann and Thomas E. Walsh, Attys., Department of Justice, Washington, D. C., for appellee.

Before STEPHENS, HEALY and BONE, Circuit Judges.

BONE, Circuit Judge.

Appellant, William C. McIndoe, brought this action under 38 U.S.C.A. § 817 to recover on a $10,000 policy of National Service Life Insurance issued to his son, William C. McIndoe, Jr., in which the father is the agreed beneficiary. The case was tried before the United States District Court for the District of Oregon sitting without a jury, and judgment was entered for the United States.

The undisputed facts are set forth in a pre-trial order. They reveal that the policy was issued during the military service of deceased, effective September 28, 1943, and continued in force throughout his active duty period. He was discharged from service on April 26, 1946, and premiums for the following months were either paid by direct remittance, or waived (by administrative action), through May 28, 1947. The last premium was due May 28, 1947 and was paid May 1, 1947. A thirty-one day grace period existed, keeping the policy effective 31 days after the last premium payment.[1] The policy was in effect (including such grace period) until July 29, 1947. Insured died August 24, 1947.

Appellant does not contend that the premium due June 28, 1947 was paid. Rather, he argues, that because of erroneous and misleading information furnished by the Veterans' Administration in a letter dated May 29, 1947, directed to insured, the latter was led to believe that a credit of $25.90 existed in his account which was available to pay premiums. Relying on such information, says appellant, insured did not pay the June 28, 1947 premium.

These facts are urged as a reason for applying the doctrine of estoppel against the government, thus excluding the fact of nonpayment of premium as a defense by the government. The trial judge rejected this contention and in his ruling carefully narrowed the issue before him which, as indicated, related to payment of premiums due on a policy of National Service Life Insurance. He did not attempt to decide, nor do we, whether the doctrine may *ever* be successfully invoked against the government. His conclusion finds full support in the cases. He said: "It is unnecessary to pass upon the question of whether the letter, together with the other evidence in the case, contains all the elements of an estoppel for the reason that I have come to the conclusion that the United States may not be estopped to assert any defense available to it on a policy of National Service Life Insurance because of any action of an employee of the Veterans Administration. * * * On the authority of the Loveland case [United States v. Loveland, 3 Cir., 25 F.2d 447] and in view of the subsequent decisions which support the doctrine therein enunciated, I find that the United States is not estopped to raise the defense of nonpayment of premium on a National Service Life Insurance policy * * *."

That the District Court's statement is an accurate summary of the law on this question is clear. As pointed out in James v. United States, 4 Cir., 185 F.2d 115, 118, "It is well settled that the United States is in a position different from that of private insurers and is not estopped by the laches or unauthorized acts of its agents. Federal Crop Ins. Corp. v. Merrill, 1947, 332 U.S. 380, 68 S.Ct. 1, 92 L.Ed. 10; Wilber National Bank v. United States, 1935, 294 U.S. 120, 55 S.Ct. 362, 79 L.Ed. 798; United States v. Norton, 5 Cir., 1935, 77 F.2d 731; United States v. Loveland, 3 Cir., 1928, 25 F.2d 447."

Appellant points to Rodgers v. United States, D.C., 66 F.Supp. 663, as indicating that the decision of the Third Circuit in United States v. Loveland, supra, (relied upon by appellee) was not considered a final determination even in the district courts in its own Circuit, stating that the District Court "went on to hold that the United

---

[1] Although this statement was taken from the agreed statement of facts, the true effect of the grace period is to continue the policy in force for a period of thirty-one days from and after the date on which the premium was due, rather than from and after the date on which the premium was paid. See §§ 10.3414, 10.-3415, Title 38, C.F.R., 1941 Supplement (R. & P. R–3414, 3415, Veterans' Administration). While attention is called to this error it does not affect the result.

States was subject to the same rules as a private insurance company." However, a reading of the Rodgers case clearly reveals that the only issue there raised was whether nonpayment of premiums was an affirmative defense of the insurer, or whether the burden of proving payment rested on the plaintiff. The only language in that case bearing on the estoppel issue in the instant controversy fails to sustain appellant's contention, since the court, in finding it unnecessary to determine whether late delivery of a policy estops the insurer from asserting nonpayment of premiums, said, [66 F.Supp. 665], "* * * the late delivery of the certificate, even if it were considered * * * a late delivery of the policy, could not estop the United States. Wilber Nat. Bank v. United States, supra; Sternfeld v. United States, D.C.N.D.N.Y., 1929, 32 F.2d 789."

Kontovich v. United States, 6 Cir., 1938, 99 F.2d 661, relied on by appellant is not in point. The court there held that the Administrator of Veterans' Affairs was authorized under the Statute to determine that a veteran was no longer permanently disabled and that disability payments should cease, even though the veteran had previously obtained a judgment against the United States on a war risk insurance policy. The decision is not relevant to the question here posed. Other decisions cited by appellant to support the proposition that policies and statutes should be liberally construed in favor of the veteran similarly shed no direct light on the specific question with which we are here concerned.

Judgment affirmed.