856

## BROWN v. UNITED STATES.

District Court, W. D. New York. December 31, 1928.

Daniel J. O'Mara, of Rochester, N. Y., for plaintiff.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y. (Joseph J. Doran, of Rochester, N. Y., B. L. Guffy, of Washington, D. C., and A. S. Thompson, of Buffalo, N. Y., of counsel), for the United States.

ADLER, District Judge. The plaintiff sues for the permanent and total benefits of an alleged reinstated war risk term insurance contract. The insurance contract granted plaintiff lapsed immediately after his discharge on October 6, 1919, because of the nonpayment of the premium. On December 27, 1926, he applied to the United States Veterans' Bureau to have his term insurance contract reinstated, and submitted with his application a medical examiner's report, made by a medical officer at Rochester, N. Y. On March 21, 1927, the Director of the United States Veterans' Bureau caused a letter to be sent to the plaintiff, reinstating his policy to be effective as of January 1, 1927, being the first day of the month following the month in which he made his application for reinstatement. Prior to March 21, 1927, to wit, on March 11, 1927, a rating of plaintiff was made by the bureau's regional office at Buffalo, N. Y., finding that plaintiff was on February 5, 1927, permanently and totally disabled. This rating was based on the clinical report of plaintiff, dated February 25, 1927. The claimant was not present, and no re-examination was had. For the purposes of this action, the permanent and total disability of the plaintiff is fixed as of February 5, 1927.

The plaintiff made the required monthly payments on the reinstated policy, until on November 20, 1927, he was notified by the Director of the Veterans' Bureau that his application for reinstatement, made on December 27, 1926, was erroneously approved on March 16, 1927, and the insurance was considered as though a valid reinstatement had been effected. The letter of the Director stated further:

"That since the reinstatement of insurance is conditioned upon the submission of evidence showing that the insured is not permanently and totally disabled, however, and since a rating was made in the case by the regional office at Buffalo, on March 11, 1927, in pursuance to the request of this office, which indicated that you were permanently and totally disabled from February 5, 1927, the acceptance of this application is canceled under date of October 18, 1927."

The situation then was that the plaintiff's insurance contract was reinstated as of January 1, 1927; that the plaintiff became permanently disabled on February 5, 1927; that the Veterans' Bureau canceled the reinstatement on October 18, 1927.

The position taken by the government is that the plaintiff's right to reinstate his war risk term insurance contract is by virtue of section 304 of the World War Veterans' Act,

(38 USCA § 515 as amended), which requires three things of the insured.

(1) That he submit proof satisfactory to the Director of the service origin of the disability.

(2) That he submit proof satisfactory to the Director that he is not totally·and permanently disabled.

(3) That he shall pay all back premiums with interest thereon and compounded annually on each premium from the date the premium is due.

It is conceded by the government that the first and third requirements have been met by the plaintiff. The second requirement, that he submit proof satisfactory to the Director that he is not totally and permanently disabled, the government insists was not met by the plaintiff, for the reason that he became permanently and totally disabled on February 5, 1927, which was prior to March 21, 1927, the date on which the letter of reinstatement was forwarded by the bureau to the plaintiff. It does not appear in the record when the rating of plaintiff, made by the bureau's regional office at Buffalo, N. Y., on March 11, 1927, was forwarded to the bureau at Washington, D. C. The fact of the plaintiff's rating as permanently and totally disabled apparently was not brought to the attention of the Director at Washington until some months after it was made. In the meantime he had reinstated the plaintiff's insurance. On account of these facts the department says that the reinstatement was in error and that they·have a right to cancel it. The right to ·cancellation is asserted on two grounds:

(1) That the permanent and total disability of plaintiff was determined prior to the date·when the letter of reinstatement was written, March 21, 1927, although the reinstatement itself was fixed as of January 1, 1927.

(2) That if it is conceded that the plaintiff's policy was reinstated as of January 1, 1927, and he became totally and permanently ·disabled on February 5, 1927, the plaintiff's ·contract of insurance matured on that date and ceased to constitute insurance. February 5, 1927, being less than six months from January 1, 1927, the insurance had not been ·in force six months, and hence the action of the bureau on October 18, 1927, canceling the reinstatement. The government contends that section 307 of the World War Veterans' Act, 43 Stat. 627 (38 USCA § 518), does ·not apply.

Section 307 is as follows:

"All such policies of insurance heretofore ·or hereafter issued shall be incontestable aft-er the insurance has been in force six months from the date of issuance or reinstatement, except for fraud or nonpayment of premiums and subject to the provisions of section 23: Provided, that a letter mailed by the bureau to the insured at his last known address informing him of the invalidity of his insurance shall be deemed a contest within the meaning of this section: Provided further, that this section shall be deemed to be in effect as of April 6, 1917."

I find that there was a valid reinstatement of plaintiff's policy as of January 1, 1927. Whether or not the bureau could legally cancel the reinstatement and invalidate it at a subsequent date, as they sought to do, I will later consider. In any event, from January 1, 1927, until October 18, 1927, the contract between the plaintiff and the government was in existence. During that period the plaintiff paid premiums upon it, which premiums were accepted by the government.

It was within this period, while the contract was in force, that the plaintiff was found to be permanently and totally disabled. The plaintiff thereupon became entitled to the payments due him on account of permanent and total disability, unless the government had the right to cancel the reinstatement of the policy and make it void from the date of the reinstatement, January 1, 1927.

I will now consider the two grounds on which the government claims it can cancel the reinstatement of the policy. I will take up the second ground first. It is that the six months incontestability clause set forth in section 307 of the World War Veterans' Act does not apply to this case. The government bases its contention on an opinion of the Attorney General, reported in 32 Op. Attys. Gen. 379, at page 386. He there says: "The term policy having matured into a claim by the happening of the event insured against it ceases to constitute 'insurance'."

It is then argued that the plaintiff's policy, reinstated January 1, 1927, matured February 5, 1927, when plaintiff was found to be permanently and totally disabled, and therefore from that date it ceased to be insurance. Plaintiff's insurance was therefore not in force six months from the date of reinstatement. It could therefore be contested by the government at any time, and the government did contest it by its act of October 18, 1927, rejecting the application and canceling the reinstatement.

I do not agree with this reasoning. In this case I believe that the insurance was in force within the meaning of section 307, from January 1, 1927, and more than six months

had elapsed when the letter of October 18, 1927, was written. The opinion of the Attorney General above quoted was written at the instance of the Secretary of the Treasury on the question as to whether under the terms of the War Risk Insurance Act, a policy under certain circumstances was subject to conversion. The Attorney General there held that, the policy having matured into a claim, it ceased to be insurance subject to conversion. The opinion goes no further than that.

In this case the contract between the plaintiff and the government remains in force after the plaintiff became totally and permanently disabled. If, after months or years, the plaintiff recovered to such an extent that on a subsequent examination he would be rated as temporarily totally disabled, he would be called upon to again make payments on his policy, and he would receive a lesser compensation. I am of the opinion that the language of section 307, which is the incontestability clause of the law, should be construed in the sense that, if the contract between the veteran and the government has been in force six months, it is incontestable. I have found no reported cases on this point, and the opinion of the Attorney General, cited above, does not, in my judgment, apply any further than to the question propounded to him. It does not apply to the question of incontestability. My conclusion is that plaintiff's contract of insurance was in force for more than six months after its reinstatement and that under section 307, it is incontestable.

On account of the facts in this case, I am led to consider the first ground as to the right of the bureau to invalidate the reinstatement, if it was not prevented from acting by the incontestability clause in section 307.

My attention has been called to decisions made by the Comptroller General in cases where he has held that policies were not lawfully reinstated. I find on examination of those cases that in each instance the veteran was found to be permanently and totally disabled at the time he applied for reinstatement. In one case the evidence was that he became totally and permanently disabled two years prior to his application for reinstatement. These opinions or rulings do not apply to this case.

In the instant case it is conceded that the veteran did not become totally and permanently disabled until some weeks after his application was made. At the time he made his application for reinstatement, the record shows that he was entitled to it. In my opinion the reinstatement was properly made, if he was entitled to it so far as his physical condition was concerned, at the time he made the application, if, of course, the other conditions were complied with, as they were in this case. In my opinion the physical condition of the veteran at the time he makes his application is controlling, and not his condition at some subsequent time.

The plaintiff is entitled to the relief demanded.