## CLEVELAND v. UNITED STATES.

### No. 11567.

United States Court of Appeals
Sixth Circuit.

Feb. 3, 1953.

John S. Porter, Memphis, Tenn. (Burch, Porter & Johnson, Memphis, Tenn., on the brief), for appellant.

Thomas E. Walsh, Washington, D. C. (John Brown, U. S. Atty., Edward N. Vaden, Asst. U. S. Atty., Memphis, Tenn., Holmes Baldridge, Asst. Atty. Gen., D. Vance Swann, Washington, D. C., on the brief), for appellee.

Before SIMONS, Chief Judge, and ALLEN and McALLISTER, Circuit Judges.

SIMONS, Chief Judge.

Upon undisputed facts and documentary proofs, this appeal raises a question as to whether a National Service life insurance policy was in full force and effect when the insured died, or whether it had lapsed prior to death. It must be resolved by a determination of the effective date of its reinstatement. The Veterans' Administration denied liability and the District Court dismissed the suit on the policy.

The appellant was the beneficiary of a $10,000 term policy issued to her husband in February, 1944. The policy lapsed for nonpayment of the November, 1945, premium and expiration of grace. On April 17, 1947, the insured applied for reinstatement, requesting the conversion of $5,000 of the original policy into an ordinary life policy and the remaining $5,000 to be continued as term insurance. Over his signature upon the application was the following: "I understand (a) that this application must be accompanied or preceded by the tender of at least two monthly premiums (no interest) on the amount of insurance to be reinstated, one premium for the month of lapse (grace period) and one premium for premium month in which application is mailed or otherwise delivered to the Veterans' Administration." With the application he forwarded to the Administrator an Armed Forces Leave Bond and directed that it be used to pay the premium for the month of lapse with the balance to be applied to the payment of premiums on both life and term policies. On May 9, 1947, the Veterans' Administration approved the application for reinstatement, applied the proceeds to premiums, commencing with the month of April, 1947. On May 16, 1947, the insured was notified by the Veterans' Administration of the change of his insurance to a $5,000 life policy and a $5,000 term policy. The effective date of the term policy was therein shown to be February 1, 1944 and the next premium due date as April 1, 1947. On September 16, 1947, he was again advised of the status of his insurance. The insured continued to pay monthly premiums on the term policy until February 22, 1950, the last payment being for the premium due March 1st. No premium was thereafter paid on the term policy. The insured died May 8, 1950. The annual premium on the life policy having been paid, its proceeds were paid to the beneficiary and it is not here in controversy. The administrator, however, refused to pay the term policy on the ground that, including the grace period, it had lapsed for nonpayment of premium on May 1, 1950. There being no disputed facts, both litigants moved for summary judgment, and the District Court granted the appellee's motion for dismissal. The sole issue is, whether the term policy was in full force and effect upon the day of death.

Veterans' Administration Regulation 3422, 9 F.R. 14733; 38 C.F.R., § 10.3422, 1944 Supp., p. 3267, provides: "* * * During the present War and for six months thereafter, the reinstatement of National Service life insurance on the five year level premium term plan may be effected by written application of the insured, accompanied by evidence of insurability and

tender of two monthly premiums without interest: * * *" The two monthly premiums required by Regulation 3422 were paid without further direction for allocation. Following established administrative practice, the first of the two premiums was allocated to the month of lapse, the second to the month of application, namely, April, 1947.

The precise issue is, whether the Administration had the right to apply the second of the premiums to the month of April, 1947, the contention being that there was no coverage for that month because the application had not during the month been approved. The appellant claims that the Administration is bound to apply such premium to the month in which the reinstatement becomes effective by approval rather than to the month in which the application for reinstatement is filed, and so the policy did not lapse, in view of the thirty-one day period of grace, until June 1, 1950, and was in full force and effect at the time of death. We address ourselves to this argument.

■■■ The appellee relies upon James v. United States, 4 Cir., 185 F.2d 115, United States v. Fitch, 10 Cir., 185 F.2d 471 and Collier v. United States, D.C., 90 F.Supp. 215. The James and Fitch cases hold that even though there was a tender of premiums with the application, and premiums later paid during the period the application was being processed, there could be no reinstatement of the lapsed policy until the application therefor was approved. The insured acquired no rights merely by making an application and paying premiums. Neither court, however, ruled upon the question, whether after the application is approved and there is reinstatement, the Administration may make such reinstatement effective retroactively to the month of application. It should be noted that here the premium on the policy was declared due on April 1, 1947 but the effective date of the policy was the date of original issue, February 1, 1944. It was said in Stamey v. United States, D.C. Wash., 42 F.2d 879, 881: "Reinstatement implies placing the insured in the same condition that he sustained toward the insurer before forfeiture was incurred, and does not imply the making of a new contract or policy. * *. * Clearly reinstatement does not change the contractual relation or status of the parties." If this is so, and the use of the term "reinstatement" so indicates, its effect is to extend the coverage of the policy beyond the date of the lapse, not to institute coverage under a new policy, and, therefore, the regulation making the due date of the first premium under reinstatement the first day of the month of application appears entirely reasonable. It must be noted, in support of the administrative practice, that it gives the insured immediate protection from the date his application is received, in the event of death before it has been processed and the insured's proofs require its approval. Furthermore, the administrative practice is to honor a request to make an application effective the first day of the month following instead of immediately. The insured here sought no future effective date of reinstatement. Finally, it is necessary to recall that prior to the regulation promulgated December 16, 1944 a policyholder was required to pay all premiums in arrears with interest, upon applying for reinstatement, so that the requirement that two monthly premiums be paid, one to be applied to the month of lapse and the other to the first of the month in which the application was made, was not contrary to the terms of the original contract, nor does it appear to be unreasonable.

In the Collier case, supra, the insured executed an application for reinstatement on January 30, 1947, and mailed it with a premium check on January 31, 1947. The Veterans' Administration applied the first premium due under the reinstatement to the month of January. There was evidence, however, in that case, that the insured intended the application for reinstatement to be made effective February 1, 1947, and the insured was never notified of the allocation of his remittance to the month of January. Though giving some lip service to the doctrine of estoppel, the District Court based recovery, however, on the ground that the premium was applied to a month during which the insured

had had no protection and the insurance not in force.

However, in Wilber National Bank of Onoenta, N. Y. v. United States, 294 U.S. 120, 55 S.Ct. 362, 79 L.Ed. 798, the insured made application for reinstatement on July 1, 1927 and enclosed a check for premiums. A policy did not issue until September 19th. It showed payment of the monthly premium due July 1st, the date of the application, and that a like payment would be necessary on the first of each succeeding month. It recited that the policy took effect on the first day of July but the insured was not notified of the allocation. The Supreme Court held the government not estopped from denying liability for failure to give notice of it, or that the policy was about to lapse. It held that the government was not liable under the policy because the insured is presumed to have known the statutes and regulations and the facts of record did not show that he was deceived or misled to his detriment. In so holding, it approved the practice of applying the first premium upon reinstatement to the month of application. The statute involved in the Wilber case is identical with the one that governs this case, in that it required the tender of two monthly payments with the application but did not provide how they should be applied. United States v. Citizens' Loan Company, 316 U.S. 209, 214, 62 S.Ct. 1026, 86 L.Ed. 1387, is to the effect that administrative interpretation is entitled to great weight and such construction is not to be overturned unless clearly wrong, or unless a different construction is plainly required.

The Collier case is distinguishable upon its facts but, in any event, the Wilber case is controlling upon us. Title 38 U.S.C.A. § 808, empowers the Administrator to administer, execute and enforce its provisions, and to make such rules and regulations not inconsistent with them as are necessary or appropriate to carry out its purposes. Section 602(m) (1), as amended, Title 38 U.S.C.A. § 802(m) (1) provides: "The Administrator shall, by regulations, prescribe the time and method of payment of the premiums on such insurance, * * *" and Veterans' Administration

Manual, (m) (9) (a), July 29, 1946, provides for the allocation of the two premiums, one to the prior month of grace and the other to the month of application. Here, the insured had adequate notice of the dates the premiums were due and the months to which its first two premiums would be applied. He was not misled and the contention which was rejected in the Wilber case, as to lack of notice, is not here advanced.

While no point is made of it, the requirement that the applicant for reinstatement pay the premium for the month of lapse is clearly within contemplation of the statute. The grace period provided by § 10.3414, while it suspends forfeiture for thirty-one days, does not extinguish the obligation to pay the premium for that period since the section provides: "* * * if the policy shall mature within the grace period, the unpaid premium or premiums shall be deducted from the amount of insurance payable." We are of the view that neither the regulations nor the long established practice of the Administrator are unreasonable, arbitrary, or in conflict with the statute.

The judgment below is affirmed.