**UNITED STATES v. LEWIS.**

**No. 14044.**

United States Court of Appeals
Fifth Circuit.

Feb. 13, 1953.

RUSSELL, Circuit Judge.

This suit, instituted by the widow and named beneficiary of a one-time insured, seeking to recover upon a policy of United States Government Life Insurance, resulted in a judgment in her favor. The Government has appealed. It is the kind of case which evokes a Court's sympathy, but in which the judgment can not be upheld. We can find no basis, in logic or in law, upon which to support it.

Carl F. Lewis, the deceased husband of the appellee, was a member of the armed forces of the United States during the First World War. As such, he was granted yearly renewable term insurance in the sum of $10,000, which, effective June 1, 1926, he converted to United States Government Life Insurance, designating his wife as beneficiary. Premiums were paid on the policy through May, 1932, and the policy lapsed for non-payment of premiums June 1, 1932. At that time, in accordance with the guaranteed surrender values contained in the policy, the insured was entitled to extended insurance with disability benefits of 8 years and 140 days, or until October, 1940.[1]

Thomas E. Walsh, D. Vance Swann, Katherine Kilby, Attys., Dept. of Justice, Washington, D. C., E. V. Boagni, Asst. U. S. Atty., Shreveport, La., Holmes Baldridge, Asst. Atty. Gen., William J. Fleniken, U. S. Atty., Shreveport, La., for appellant.

Charles C. Jaubert and Anatole J. Resweber, Lake Charles, La., for appellee.

Before HOLMES, RUSSELL and STRUM, Circuit Judges.

A form letter, dated April 26, 1933, presents the crucial point in the case and is set forth below.[2] The "November, 1955" is

1.
"Table of Guaranteed Surrender Values"

| "End of Policy Year | Cash-Surrender Value for each $1,000 of Insurance (full reserve of policy) | Paid-up Insurance with Disability Benefits for each $1,000 of Insurance | Extended Insurance with Disability Benefits | |
|---|---|---|---|---|
| | | | Years | Days |
| 6 | 103.34 | 212.30 | 8 | 140" |

2. "Mr. Carl F. Lewis,
        Jerseyville,
            Illinois.

"Dear Sir:

"We wish to call your attention to the above numbered policy which lapsed June 1, 1932, for non-payment of premium.

"In accordance with the provisions of the policy the cash surrender value of your policy has been applied to purchase extended insurance, which protection will expire during the month of November 1955.

"Please bear in mind that this action does not in any way deprive you of the privilege of applying for the reinstatement of your insurance at any time.

"Respectfully,
"(S.)  H. L. McCOY,
            (H. L. McCoy),
                Director of Insurance.

"Insurance Form 936 Rev. Apr. 1932.
"Notice that Policy is Lapsed."

**104**

added to the form by typing. Thereafter no further action appears to have been taken by the insured. He died on May 31st, 1945. Appellee's claim as beneficiary was denied upon the ground that the policy was not in effect at the time of death since, under the express terms of the policy, the insurance protection expired on October 18, 1940. The question here is whether the statement of the letter of April 26, 1933 can be held to afford the basis of an estoppel of the Government to prove that the policy was earlier terminated and that the insurance protection expired in accordance with the provisions of the statutes, the regulations and the express provisions of the policy, on October 18, 1940. The trial Court expressed recognition of the rule that when acting in its sovereign or governmental capacity the United States is not ordinarily subject to the application of the doctrine of estoppel. He thought, however, that with reference to the issuance and administration of insurance for its armed forces the Government acted in a proprietary capacity and in such cases was subject to the same rules which are applicable to private insurance companies. Finding that all necessary elements of estoppel in such cases were present, he awarded judgment in favor of the plaintiff. By this appeal the Government contends that the letter in question was unauthorized, void and of no effect, and can in no sense become the basis of an estoppel against the United States. In reply, the appellee, not seriously challenging the proposition that the letter of April 26, 1933 was unauthorized but, based upon the primary point that the Government, in writing insurance for the members of the armed forces, is engaged in a proprietary function and not in its sovereign capacity, insists that the judgment of the trial Court is correct.

The controlling question here is not an open one and does not warrant any extended discussion. It is clear that the Director of Insurance had no lawful authority to extend the insurance protection afforded by the policy beyond that which the statute, and its requirement as to the manner in which such computation should be made, permitted. Furthermore, this permitted period was expressed in the table of guaranteed surrender values contained in the policy. It is established that in providing insurance for members of the armed forces the Government does not act in a proprietary capacity, but in its sovereign capacity. We so held in McDaniel v. United States, 5 Cir., 196 F.2d 291. In a later case, United States v. Holley, 5 Cir., 199 F.2d 575, 578, we announced the rule, citing numerous authorities,[3] that "In providing insurance benefits for its armed forces, the United States does not bear the same relationship to the insured as that of a private insurance company, and the same principles do not apply." It follows that the conclusion of the trial Court that the engagement of the Government in furnishing and administering insurance protection for the members of its armed forces was done in the Government's proprietary capacity is erroneous and can not be sustained. There is no basis in the record to support a holding that the United States is estopped to deny the terms of the letter of April 26, 1933, or from proving, as it did, that the policy of insurance expired on October 18, 1940. The trial Court's finding to the contrary must therefore be set aside and judgment should be, and here is, entered in favor of the defendant, the United States.

Judgment reversed and rendered.

3. Among them, Wilber Nat. Bank of Oneonta, N. Y. v. U. S., 294 U.S. 120, 55 S.Ct. 362, 79 L.Ed. 798; Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380, 68 S.Ct. 1, 92 L.Ed. 10; James v. United States, 4 Cir., 185 F.2d 115. See also, U. S. v. Norton, 5 Cir., 77 F.2d 731; McIndoe v. United States, 9 Cir., 194 F.2d 602.