KARAS v. UNITED STATES.
No. 3705.

United States District Court,
M. D. Pennsylvania.
Jan. 21, 1954.

Charles L. Casper, of Fahey & Casper, Wilkes-Barre, Pa., for plaintiff.

Arthur A. Maguire, U. S. Atty., Scranton, Pa., for defendant.

MURPHY, District Judge.

Defendant moves with supporting affidavit for summary judgment[1] in an action on a National Service Life Insurance policy,[2] 38 U.S.C.A. § 801 et seq., on the ground that the policy lapsed for non-payment of premium, was not reinstated, and therefore not in force at the time of the death of the insured.

When the policy was last reinstated, the two monthly premiums tendered therewith were allocated by the Veterans Administration,[3] one to the prior month of grace, the other to the month of application, as of the anniversary date of the policy.

Plaintiff contends the policy did not in fact lapse and was in full force and effect at the time of death. She asserts that requiring payment for the prior month of grace or for any time prior to receipt of the application for reinstatement (logically before approval of the application and actual reinstatement) was in effect charging for a time "when the insurance was not in force" and therefore arbitrary and contrary to law. Relying upon Collier v. United States, D.C.W.D.Va.1950, 90 F.Supp. 215, and § 602(p) of the Act, 38 U.S.C.A. § 802 (p),[4] she argues that the VA had no right to apply a premium payment to a period "prior to the effective date of the insurance"; that credits should have commenced on the date of receipt of the application for reinstatement (or perhaps actual approval thereof), covering a two month future period. If so applied, in view of the grace period, the policy would have been current at the time of death. Failure to sustain her position as to the application of each of the two premiums will on this score be ffatal to plaintiff's claim.

The crucial question is the legality of the historical practice of the VA—applied in this case—absent a request by the insured to the contrary—of allocating the two monthly premiums tendered with an application for reinstatement of level premium term plan insurance: one to the prior month of grace, the other to the premium month of application, i. e., as of the anniversary date of the policy.

Plaintiff's application for reinstatement and his rights thereunder are to be judged in the light of the statute and the regulations as they then existed. Van Pelt v. United States, 6 Cir., 1943, 134 F.2d 735 at page 738.

In addition to the general powers conferred upon the Administrator, 38 U.S. C.A. § 808, to administer, execute and enforce the Act and to make such rules and regulations not inconsistent therewith as are necessary or appropriate to carry out its purposes, § 802(o) provides that he shall determine the terms and conditions of such insurance, and § 802(m) (1) by regulation prescribe the time and method of payment of premiums.

Pursuant to such authority regulations were promulgated providing that such insurance is granted in consideration of the payment of monthly premiums due and payable on the date the policy takes effect and on the same day of each suc-

---

1. 28 U.S.C.A. Fed.Rules Civ.Proc. Rule 56 (b); Toebelman v. Missouri-Kansas Pipe Line Co., 3 Cir., 1942, 130 F.2d 1016, 1018; Frederick Hart & Co. Inc., v. Recordgraph Corp., 3 Cir., 1948, 169 F.2d 580 at page 581; Fairbanks, Morse & Co. v. Consolidated Fisheries Co., 3 Cir., 1951, 190 F.2d 817, 824.

2. A Five Year Level Premium Term Policy issued July 24, 1943; reinstated July 29, 1946, for $5000.00.

3. Hereinafter VA.

4. Effective date of insurance. "Such insurance may be made effective, as specified in the application, not later than the first day of the calendar month following the date of application therefor, but the United States shall not be liable thereunder for death occurring prior to such effective date."

ceeding month during the lifetime of the insured; failure of payment of any premium after expiration of the 31 day grace period, during which time the policy remains in force, causes the policy to lapse as of the due date of the premium in default.[5]

For the first few years under the Act reinstatement was contingent upon payment of all premiums in arrears with interest.[6] Under the authority granted the Administrator, regulations were issued December 16, 1944, providing that the premiums required for reinstatement of a five year level premium term insurance would be the payment of two monthly premiums without interest.[7] On August 1, 1946, this premium requirement for reinstatement of term insurance was enacted into law by § 9, Public Law 589, 79th Congress, 60 Stat. ch. 728, pp. 785, 787, as subsection 602

(y) (1).[8] When it was subsequently determined that reinstatement requirements for National Service Life Insurance was a regulatory matter, subsection 602(y) was repealed by § 3, Public Law 5, 80th Congress, 61 Stat. Part 1, ch. 5, p. 5, § 3 at p. 6, February 21, 1947. Since that time the regulations have consistently so provided.[9] The current regulation, 3422(A), effective December 16, 1952, contains an additional provision, i. e., "tender of two monthly premiums, one for the month of lapse, the other for the premium month in which reinstatement is effected." [10]

At the time of the reinstatement in question, there was no regulation spelling out the manner in which the two premiums should be allocated. The VA Manual (m) (9) (a) as of July 29, 1946, spelled out the method of allocation herein applied.[11] See Cleveland v. United

---

5. February 25, 1941, 6 F.R. 1162; 38 C. F.R. (1941 Supp.) §§ 10.3404, 3405, 3414, 3415, 3416 (and see Cumm.Supp. 7). And see 38 U.S.C.A. § 802(a); Rodgers v. United States, D.C.E.D.Pa., 66 F.Supp. 663 at page 665; Betterly v. United States, D.C.M.D.Pa., 102 F.Supp. 454; Rodgers v. United States, D.C.E.D.Pa., 102 F.Supp. 878; United States v. Norton, 5 Cir., 1935, 77 F.2d 731.

6. 1941 Supp., Note 5, supra, § 10.3422.

7. 9 F.R. 14733; 38 C.F.R. (1944 Supp. p. 3267) § 10.3422.

8. And see regulations to the same effect. 38 C.F.R. (1946 Supp.) § 10.3422. So reinstated it would have no reserve value.

9. January 9, 1948, 38 C.F.R. 1949 ed. § 8.23.

10. See Id. (C): "Reinstatement is effected when an acceptable application and the required premiums are delivered to the VA. If application for reinstatement is submitted by mail, properly addressed to the VA, the postmark date shall be the date of delivery. The effective date of reinstatement of the insurance shall be the last monthly premium due date prior to the delivery or postmark date of the application for reinstatement, except where reinstatement is effected on the due date of a premium, then in such case, that date shall be the reinstatement date." Effective December 27, 1951.

11. Replaced by M9–3, Part II, 2d Rev. October 1953. See Chap. V, p. 1–15, 1–16, § 1.46(2) (a), "* * * one for the month of lapse and one for the premium month in which the application is mailed or otherwise delivered to the VA. * * *"

Id. p. 1–17, § 1.47, "The effective date of reinstatement will be the premium due date for the premium month in which reinstatement requirements are met. Reinstatement requirements are deemed to be met when a valid application and the required remittance are tendered to the VA. The submission of supplemental evidence serves only to substantiate the original application and the date of submission of such supplemental evidence does not affect the date of reinstatement." And see Par. 85(b), "Requirements for Reinstatement-Term Insurance". "Only two premiums are necessary as premiums are charged on the level premium term plan only to cover the cost of protection. Insurance protection was afforded for the month of lapse, as it was the grace period, and for the month in which reinstatment requirements were met. The premium record card must clearly reflect any 'skip' month due to reinstatement, since the reserve on level premium term is *not available* for change to a converted plan of insurance if any 'skip' month reinstatement has been effected during the level premium term period and *dividends are not payable for 'skip' months.*"

States, 6 Cir., 1953, 201 F.2d 398 at page 401.

The Cleveland case at page 400 of 201 F.2d states that " * * * administrative practice is to honor a request to make an application effective the first day of the month following instead of immediately." Although the insured was advised as to the allocation herein intended by the VA,[12] no such request was made by the insured and the usual rule was applied.

■ The terms of the contract and the rights and liabilities of the parties under it are fixed by the Act, and the authorized administrative regulations promulgated in conformity with the Act. See Lynch v. United States, 292 U.S. 571 at page 577, 54 S.Ct. 840, 78 L.Ed. 1434; White v. United States, 270 U.S. 175 at page 180, 46 S.Ct. 274, 70 L.Ed. 530; Jones v. United States, 8 Cir., 1951, 189 F.2d 601, 602.

■ The regulations adopted in compliance with the Act have the full force and effect of law, Id. Magruder v. United States, D.C., 31 F.2d 332, and form a part of the insurance contract. Ross v. United States, 5 Cir., 1931, 49 F.2d 541; United States v. Fitch, 10 Cir., 1950, 185 F.2d 471. As to the interpretation thereof, see United States v. Zazove, 334 U.S. 602 at page 610, 68 S.Ct. 1284, 92 L.Ed. 1601.

■ The construction placed upon the statute by those charged with administering it is ordinarily presumed to be correct and will not be judicially otherwise construed, except for strong and compelling reasons. Washburn v. United States, D.C., 63 F.Supp. 224; United States v. Citizens Loan & Trust Co., 316 U.S. 209, 214, 62 S.Ct. 1026, 86 L.Ed. 1387.

Contrary to plaintiff's contention, 38 C.F.R. (1941 Supp.) § 10.3414 specifically provides that the policy remain in effect during the grace period. It does not however extinguish the obligation to pay the premium therefor, e. g., " * * * if the policy shall mature within the grace period, the unpaid premium or premiums shall be deducted from the amount of insurance payable." Requiring payment for the grace period is in accord with the regulations and historical practice. See Kerr v. United States, 1939, 71 App.D.C. 222, 108 F. 2d 585; United States v. Norton, supra, 77 F.2d at page 732; Wilber Nat. Bank v. United States, 1935, 294 U.S. 120, 55 S.Ct. 362, 79 L.Ed. 798; Cleveland v. United States, supra, 201 F.2d at page 401; and see Collier v. United States, supra, 90 F.Supp. at pages 219, 220, 221.

■ In our opinion the provisions of the regulations in this regard, of the Manual, and the historical practice are reasonable requirements completely in accord with § 602(p) of the Act. Such being so, plaintiff's case must fall.

In passing, we are in complete accord with the requirement that the applicant pay the premium for the current premium month at the time of application. In this respect we agree with Cleveland v. United States, supra, and disagree with the reasoning of the Collier case —and the authorities therein cited— however much the result may be justified by the finding of fact that the insured intended that reinstatement commence at a later date.

We differ as to the interpretation of and inferences drawn from § 602(p).

---

12. See application for reinstatement.
"I understand (a) that this application must be accompanied or preceded by the tender of at least two monthly premiums (no interest) on the amount of insurance to be reinstated, one premium for the month of lapse (grace period) and one premium for premium month in which application is mailed or otherwise delivered to the Veterans Administration.

* * * Further * * * that premiums must be remitted each month as they become due while the application for reinstatement is receiving consideration in order to prevent a subsequent lapse of this insurance."

Although space is provided for spelling out the effective date in an original application for insurance, there is none such in the application for reinstatement.

As to the effective date of new insurance, see and cf. VA regulation, 38 C.F.R. (1941 Supp.) § 10.3402 a, b, c, with d. At all events there is a distinction between a new policy and a reinstatement. See Cleveland v. United States, supra; Black's Law Dictionary, 3rd Ed., p. 1520; United States ex rel. Lyons v. Hines, 1939, 70 App.D.C. 36, 103 F.2d 737 at page 742, 122 A.L.R. 674.

 Of course, reinstatement does not occur until the Administrator approves. James v. United States, 4 Cir., 1950, 185 F.2d 115, 22 A.L.R.2d 830; United States v. Fitch, supra, 185 F.2d 471. Notwithstanding the date of approval of reinstatement, there is nothing to prevent making the insurance effective as of a prior date. See Note 8 and Cleveland v. United States, supra; Huckaby v. United States, 5 Cir., 1952, 196 F.2d 307 at page 308; and granting protection during that period. See Brown v. United States, D.C.1928, 29 F.2d 856.

The court in the Collier case cites MacDonald v. Metropolitan Life Ins. Co., 304 Pa. 213, 155 A. 491, 492, 77 A.L.R. 353, but see note in 167 A.L.R. 333, superseding the annotation in 77 A.L.R. 353, pointing out the distinction between life and accident policies. "Whether the period of coverage under a revived or reinstated insurance policy is retrospective or prospective, whether it dates back to date of default, or begins anew from the time of application for reinstatement or a subsequent date, depends, in a large measure, upon the type and class of insurance provided by the particular policy and the terms and provisions of the policy relative to reinstatement."

As to the MacDonald case, see Rothschild v. New York Life Ins. Co., 106 Pa.Super. 554, 162 A. 463, and Stewart v. Metropolitan Life Ins. Co., 346 Pa. 314 at page 317, 30 A.2d 314.

We note in passing, plaintiff's reference to § 10.3424—there could be no waiver of tender of premium. See Morgan v. Hines, 80 U.S.App.D.C. 79, 149 F.2d 21. The policy was not reinstated.

See Rowan v. United States, D.C., 115 F.Supp. 503.

In addition to the fact that estoppel cannot here be applied as a matter of law, Birmingham v. United States, 8 Cir., 1925, 4 F.2d 508; James v. United States, supra, 185 F.2d at page 118; United States v. Lewis, 5 Cir., 1953, 202 F.2d 102 at page 104; United States v. Norton, supra, 77 F.2d at page 732; Wilber Nat. Bank v. United States, supra, 294 U.S. at page 123, 55 S.Ct. 362, 79 L.Ed. 798; Colizza v. United States, D.C.W.D.Pa.1951, 101 F.Supp. 695 at page 697, the insured was given ample and adequate notice of the condition of his policy and of the necessity for reinstatement.