**Rose Grund KALTER, Plaintiff,**
v.
**UNITED STATES of America, Defendant.**
**Civ. A. No. 14860.**

United States District Court
E. D. New York.
April 4, 1955.

David M. Schlossberg, New York City, for plaintiff.

Leonard P. Moore, U. S. Atty., Eastern Dist. of N. Y., Brooklyn, N. Y., for defendant, Joseph F. Soviero, Asst. U. S. Atty., Jamaica, N. Y., of counsel.

BRUCHHAUSEN, District Judge. ·

Both parties move for summary judgment.

The action is brought by the beneficiary named in a National Service Life Insurance policy.

The material facts are that a policy for $10,000 was issued to Herbert Kalter, dated November 27, 1943, effective September 4, 1943; that it set forth that it was issued by authority of The National Service Life Insurance Act of 1940, 38 U.S.C.A. § 801 et seq. and was subject to the provisions of the Act, of any amendments thereto and of all regulations thereunder, then in force or thereafter adopted, all of which together with the application for the policy and the terms and conditions published under authority of the Act should constitute the contract; that the insured directed that the premiums be paid out of his monthly Army pay; that he was honorably discharged from service on March 5, 1946; that the policy lapsed for nonpayment of premium on May 4, 1946; that the insured under date of July 31, 1948 executed and mailed to the Veterans Administration an application for reinstatement of the policy in the sum of $5,000; that the premium therefor was at the rate of $3.30 per month; that the said application contained a provision that "this application must be accompanied or preceded by the tender of at least two monthly premiums (no interest) on the amount of insurance to be reinstated, one premium for the month of lapse (grace period), and one premium for the premium month in which application is mailed or otherwise delivered to the Veterans Administration"; that the said provision for the method of allocation of premiums tendered upon reinstatement of lapsed policies was a duly adopted and published regulation, and in compliance with the National Service Life Insurance Act, 38 U.S.C.A. § 802 (m); that the applicant at the time of forwarding the application tendered the sum of $6.60 for premiums, that the application contained the further provision that "premiums must be paid each month as they become due while this application is receiving consideration in order to prevent a subsequent lapse of insurance"; that the applicant made two further payments, viz.: on September 30, 1948 of the sum of $6.60 and on October 30, 1948 of the sum of $3.30; that the applicant died on December 25, 1948.

The Government's contention is that the policy lapsed owing to nonpayment of premiums due prior to the death and was not in force at his death. Its position is that payment was applied, pursuant to the contract, including the regulations, as follows, viz.:

(a) The sum of $3.30 out of the $6.60 payment made on July 31, 1948, was applied for the month of lapse (the grace period) and the balance of $3.30 was

applied for the period from July 4, 1948 to August 4, 1948.

(b) That no premium having been paid during the 31 day grace period, following August 4, 1948, the policy lapsed on September 4, 1948.

(c) That the policy had already lapsed and was of no force and effect when the later payments of September 30 and October 30, 1948 were made.

The plaintiff asserts that the premium due date was July 31, 1948 and not July 4, 1948, basing such claim upon the statement appearing on the reverse side of the certificate of discharge from the service. As previously mentioned, it bears date March 5, 1946, several years prior to the date of the application for reinstatement of the policy. On the reverse side of the certificate are contained the usual details and military record of the veteran, with the heading: "Enlisted Record and Report of Separation" and is signed by the Personnel Officer. Under the subheading, entitled "Insurance Notice" are the words: "Date of next premium due 31 Mar 46."

The principal issue is whether this statement of the Personnel Officer effected a valid amendment of the contract. There seems to be little doubt that the applicant believed that the due date of the premium was on the last day of the month for he so stated in the application. The query then is whether that officer was empowered to effect the change and further, whether his act constituted an estoppel against the Government.

It is the kind of situation which as stated in the case of United States v. Lewis, 5 Cir., 202 F.2d 102, 103, "evokes a Court's sympathy", but wherein the Court, under a comparable state of facts, in construing the statute under which the policy was issued, held in favor of the Government. It appeared therein that the policy lapsed for nonpayment of premium on June 1, 1932, and that the insured became entitled to extended insurance until October 1940. The veteran died on May 31, 1945. The plaintiff therein based his claim on an apparent error in a form letter from the Director of Insurance, dated April 26, 1933, informing the insured that the policy had lapsed but that the cash surrender value had been applied to purchase extended insurance, which protection would expire during the month of November 1955. The Court in holding that the letter did not constitute an amendment to the contract nor an estoppel said:

"It is clear that the Director of Insurance had no lawful authority to extend the insurance protection afforded by the policy beyond that which the statute, and its requirement as to the manner in which such computation should be made, permitted. * * * It is established that in providing insurance for members of the armed forces the Government does not act in a proprietary capacity, but in its sovereign capacity. (citing cases) * * * There is no basis in the record to support a holding that the United States is estopped to deny the terms of the letter of April 26, 1933, or from proving, as it did, that the policy of insurance expired on October 18, 1940."

That the terms of a policy are governed by the statute and the regulations and may not be waived by Government employees and that the Government is not estopped by acts of its officers or agents were the principles upheld in the case of Wilber National Bank of Oneonta v. United States, 294 U.S. 120, 55 S.Ct. 362, 363, 79 L.Ed. 798, wherein the Court said:

"Nothing indicates that the Bureau ordinarily sent notices concerning premiums or lapses. We are referred to no statute or regulation which required such a notice. * *

"The law does not permit waiving statutory requirements by the acts of employees of the government. The failure to pay the premiums prior to October 2 resulted in a lapse of the policy which may not now be held to be waived by the conduct of

the government's employees. [quoting from the opinion of the lower court] * * *

"Undoubtedly, the general rule is that the United States are neither bound nor estopped by the acts of their officers and agents in entering into an agreement or arrangement to do or cause to be done what the law does not sanction or permit. Also, those dealing with an agent of the United States must be held to have had notice of the limitation of his authority. * * * The circumstances presented by this record do not show that the assured was deceived or misled to his detriment, or that he had adequate reason to suppose his contract would not be enforced or that the forfeiture provided for by the policy could be waived. New York Life Insurance Co. v. Eggleston, 96 U.S. 572, 24 L.Ed. 841; Phoenix Mut. Life Insurance Co. v. Doster, 106 U.S. 30, 1 S.Ct. 18, 27 L.Ed. 65. The grounds upon which estoppel or waiver are ordinarily predicated are not shown to exist."

The case of Collier v. United States, D.C., 90 F.Supp. 215, 220, cited by the plaintiff is not supported by the weight of authority and has been disapproved in later cases. Furthermore it is readily distinguishable in that at the time of the application of the payments made by the applicant neither the statute nor the regulations provided a method for their allocation. It will be noted that the Court reaffirmed the principles that statutory policies are not governed by the same rules as pertain to commercial policies and that the Government cannot be estopped by the acts of its agents. The Court in this connection said:

"However the weight of authority is that in the issuance of war risk insurance the government is not to be regarded or treated in all respects as an ordinary insurance company, and that there are many circumstances which might impose liability upon a commercial insurer but which would not so affect the government. The distinction rests in the main upon the principle that the government cannot be estopped by the acts of its agents."

In Cleveland v. United States, 6 Cir., 201 F.2d 398, 400, the Court held that the method of applying the initial payment, (which was followed in the case at bar) was not in conflict with the statute, also that reinstatement of the policy does not change the contractual relation of the parties, viz.:

" 'Reinstatement implies placing the insured in the same condition that he sustained toward the insurer before forfeiture was incurred, and does not imply the making of a new contract or policy. * * * Clearly reinstatement does not change the contractual relation or status of the parties.' "

The plaintiff's contention that one-half of the initial two months' premium should not have been applied for the month of July 1948, a month for which the insured is claimed to have had no benefit, is a point which, under similar circumstances, the Court rejected in the case of Karas v. United States, D.C., 118 F.Supp. 446, 449, reaffirming the principle that the parties are bound by the statute and regulations, as follows:

"The terms of the contract and the rights and liabilities of the parties under it are fixed by the Act, and the authorized administrative regulations promulgated in conformity with the Act. See Lynch v. United States, 292 U.S. 571, 577, 54 S.Ct. 840, 78 L.Ed. 1434, * * *

"The regulations adopted in compliance with the Act have the full force and effect of law, Id., Magruder v. United States, D.C., 31 F.2d 332, and form a part of the insurance contract."

■■ It must be borne in mind that the Court is obligated to follow the statute and the regulations and is without power to invoke principles of equity. While it seems harsh that an insured or

his beneficiary should be prevented from collecting a substantial sum because of a default in the payment of a modest premium, any change in the statutory requirements is the province of Congress, not the Court.

The defendant's motion for summary judgment is granted. The plaintiff's motion is denied. Settle order on notice.