Pennsylvania Real Estate Commission v. Harris

*George W. Thompson*, for appellant.

*Harry L. Ross*, deputy attorney general, for appellee.

RICHARDS, P. J., April 29, 1957.—This is an appeal from the adjudication of the State Real Estate Commission suspending the real estate broker's license of Earl A. Harris. This court allowed a supersedeas, so that the suspension has not yet become effective Appellant excepts to findings of fact nos. 6 to 15, inclusive, and excepts to the failure of the commission to make certain findings. The conclusions of law were also excepted to.

The act in question is the Real Estate Brokers License Act of May 1, 1929, P. L. 1216, as amended, 63 PS §431 et seq. The State Real Estate Commission is a departmental administrative board of the Department of Public Instruction: 63 PS §432(d)(e). This commission is charged, inter alia, with the duty of issuing, suspending or revoking real estate brokers licenses, etc. The appeal lies to this court under the provision of the Administrative Agency Law of June 4, 1945, P. L. 1388, 71 PS §1710.41 and §1710.51. The Real Estate Brokers License Act provides:

"The appeal shall thereupon be heard, in due course, by the judge or judges of the said court of common pleas, without a jury, by whom the proceedings before the commission, its findings and rulings, shall be given similar weight, force, and effect as are accorded to the findings and report of a referee selected or appointed under the provisions of the act, entitled 'An act to provide for the submission of civil cases by agreement of the parties to the referee learned in the law', approved the fourteenth day of May, one thousand eight hundred seventy-four, and its supplements": 63 PS §440.

These provisions are found in 63 PS §440(d). The Act of 1874 mentioned is in 5 PS §201 et seq. The decisions under the Act of 1874 clearly hold that the findings of a referee, supported by the evidence, have the same effect as the verdict of a jury: Howard v. Siegel, 121 Pa. Superior Ct. 519, 523; Bruch v. Phila., 181 Pa. 588, 591-92; Batchelder v. Standard Plunger Elevator Co., 227 Pa. 201, 207; Commercial M. Mtg. Corp. v. Waters, 280 Pa. 177, 180; Stewart v. Met. Life Ins. Co., 346 Pa. 314, 316; Newman v. North River Ins. Co. of N. Y., 314 Pa. 428, 433.

The last mentioned case contains the following pertinent comment: "Much of the defendant's argument is devoted to an attempt to prove that the referee should have found the facts as testified to by its witnesses, instead of accepting the contrary account of plaintiff and his witnesses. This contention cannot, of course, prevail. The referee's findings cannot successfully be challenged by pointing to evidence which would support different findings; to do so it must be shown that there is no evidence to sustain the findings made, for, when supported by testimony, they have the force and effect of a verdict and are binding upon us: . . ."

Under the Administrative Agency Law, 71 PS §1710.44, "the court shall affirm the adjudication unless it shall find . . . that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence".

As to the meaning of "substantial evidence", see Penna. State Board of Medical Education & Licensure v. Schireson, 360 Pa. 129, 133.

It would seem to be obvious, therefore, that our duty is to see that the findings of fact are supported by competent evidence, but not to see if other findings could have been made. The credibility of the witnesses is for the commission.

We will turn now to the testimony which we have read in its entirety.

Emidio J. Di Carlo and his wife were negotiating with Mr. Harris, a broker, for the purchase of a property on Woodcrest Road, Newtown Square. They had available only $2,000 in cash. The price of the property was $19,900. They owned a property and adjoining lot on Rhoads' Avenue, Newtown Square, which was encumbered. The Di Carlos said that they told Mr. Harris that they wished to retain their Rhoads Avenue property as an investment and as an inheritance for their children. According to their testimony, Mr. Harris guaranteed them a blanket mortgage on both properties, to raise the necessary funds. An agreement of sale was executed which, inter alia, provided: "Earl A. Harris will . . . obtain the mortgage." The complainants, Di Carlos, paid down the $2,000. It later developed they could not get a blanket mortgage to raise the necessary money. The conditional proposal for a mortgage on the Woodcrest property in the amount of $13,700 would leave them without sufficient funds to pay therefor, without the sale of their Rhoads Avenue home, which from the beginning they had told Mr. Harris they would not do. They demanded the return of the $2,000 which was refused. Ultimately it was forfeited, Mr. Harris getting $900 and the owners of the Woodcrest property getting $1,100.

Mr. Harris testified that he was not told that $2,000 was the only available cash. He denied that he promised a blanket mortgage for $26,600 more or less. He testified that it was obvious at all times that the Rhoads Avenue property would have to be sold.

There is thus a flat contradiction in the testimony as to what the conversations were and as to what was agreed to. But there is abundant testimony to sup-

port the findings of the commission relating thereto. They are therefore, conclusive.

We may add that there is no evidence in the record that Mr. Harris did not deposit the $2,000 in his escrow account. The evidence indicates the contrary.

The first three conclusions of law relate to violation of section 10, subsecs. (1), (2) and (7), 63 PS §440. Subsection (1) relates to "substantial misrepresentation". Counsel for appellant contends that there was no misrepresentation of an existing fact. We are inclined to agree with this, but think it unnecessary to consider what the word "misrepresentation" means in the act. This is because other valid grounds for the suspension exist, as is stated in conclusion of law no. 4.

The second conclusion of law relates to subsection (2) which reads:

"Of knowingly making any false promise of a character likely to influence, persuade or induce;"

As stated above, the evidence of record supports the findings of fact in this respect, although the commission could have found otherwise. See Newman v. North River Ins. Co., 314 Pa. 428, 433, quoted supra. Hence, the facts being so found, the second conclusion is proper.

The third conclusion of law relates to subsection (7) which reads:

"Of any act or conduct in connection with a real estate transaction which demonstrates incompetency, bad faith, or dishonesty;"

The findings of the commission which show clearly that they believed the version of the Di Carlos and disbelieved Mr. Harris, are again based upon competent testimony. Consequently the conclusions of "incompetency", and "bad faith" are justifiable. We question the conclusion as to "dishonesty". However, in view of the other adequate, sufficient and inde-

pendent conclusions, which are based upon competent evidence, and which demonstrate a violation of statutory provisions, the matter of "dishonesty" is unimportant to this decision.

### Order

And now, to wit, April 29, 1957, the appeal is dismissed at the cost of appellant.