Willie Alice BEASON, Appellant,

v.

LEGAL SECURITY LIFE INSURANCE
COMPANY, Appellee.

No. 7308.

Court of Civil Appeals of Texas.

Amarillo.

Dec. 16, 1963.

Rehearing Denied Jan. 20, 1964.

Carl P. Hulsey and Robert G. Chappell, Abilene, for appellant.

Douglas E. Bergman and John W. Hicks, Jr., Dallas, for appellee.

NORTHCUTT, Justice.

The appellee, Legal Security Life Insurance Company, issued its policy of insurance No. L–5147 to Riley Clark Beason on August 16, 1960. The policy of insurance was in the amount of $5,000. Appellant, Willie Alice Beason, was named as beneficiary in said policy. The premiums on the policy were payable monthly in advance in the sum of $3.60 on the sixteenth day of each subsequent month. The policy contained a provision allowing 31 days grace on the payment of premiums. The policy further provided that reinstatement could be accomplished by furnishing evidence satisfactory to the company of the insurability of insured and the payment of all overdue premiums. No evidence of the insurability of the insured was ever presented to the appellee.

Riley Clark Beason died December 31, 1960. Notice of the death of Riley Clark

Beason was given to appellee and due proof of such death was likewise furnished the appellee company. Appellee denied liability under the policy. Appellant filed suit for the amount of the policy and also sought statutory penalty and attorney's fees. The premium that was due September 16, 1960, was paid September 26, 1960, which was within the 31 days grace period. The premiums due on October 16 and November 16 were not paid when due. On December 12, 1960, a check was sent to appellee to pay the October 16 premium and appellee received and accepted the $3.60 on December 15, 1960. No more premiums were ever paid. It is the contention of the appellee that the policy lapsed for the non-payment of the premium due on October 16, 1960, and was not reinstated prior to the death of Riley Clark Beason by Beason making application as provided under the policy. The appellee further contended that if the policy was reinstated prior to Riley Clark Beason's death said reinstatement was nothing more than an extension of coverage, if any, up to and until November 16, 1960, with the 31 days grace expiring December 17, 1960.

It was the contention of appellant that when appellee accepted the $3.60 payment on December 15, 1960, it reinstated the policy and waived the payment of November 16, 1960. This case was submitted to a jury upon special issues and the jury found that when appellee accepted the $3.60 on December 15, 1960, which was credited to the October premiums, appellee did not intend to require payment of the November premium by December 17, 1960. Appellee filed and presented its motion for judgment non obstante veredicto. The trial court sustained appellee's motion for judgment non obstante veredicto and rendered judgment that appellant, Willie Alice Beason, recover nothing and from that judgment appellant perfected this appeal.

■ We are of the opinion that judgment was rendered upon the theory that the payment on December 15, 1960, only waived

the October 16, 1960, payment and never waived the November 16 payment and that the policy lapsed on failure to pay by December 17, 1960, the November 16 payment under the 31 days grace. After accepting the $3.60 payment due October 16, the appellee had no right to cancel the policy for non-payment of the premium due November 16, 1960, until after the expiration of the 31 days grace. Since appellee had no right to cancel the policy until after December 17, 1960, waiver could not exist until an occasion arose for intentional relinquishment of a known right. There could be no relinquishment until after December 17, 1960, after the 31 days grace had expired. Ford v. Culbertson, 158 Tex. 124, 308 S.W.2d 855; Texas & P. Ry. Co. v. Wood, 199 S.W.2d 652; Aetna Life Insurance Company v. Eilers, Tex. Civ.App., 145 Tex. 534, 367 S.W.2d 732 (writ refused).

■ Appellee's reinstatement of the the policy on December 15, 1960, did not create a new contract relationship between the parties, but merely restored that which existed previously without in any way altering its terms, and hence did not carry with it any extension of the period of grace for making the November payment. The November premium should have been paid on or before December 17, 1960, and by failure to make said payment the policy lapsed and was never renewed before the death of assured. See Stewart v. Metropolitan Life Ins. Co., 346 Pa. 314, 30 A.2d 314, a Pennsylvania case almost identical with the facts of this case.

■ We conclude, on the facts herein, that appellee did waive payment of the October premium by accepting the payment thereof in December; but did not waive payment of the November premium within the period of grace allowed by the policy to prevent a lapse. The November premium not having been paid within the time permitted, there could be no recovery under the policy. Judgment of the trial court is affirmed.